[No. F052049. Fifth Dist. Sept. 26, 2007.]

In re JOSE C. et al., Persons Coming Under the Juvenile Court Law.
FRESNO COUNTY DEPARTMENT OF CHILDREN AND FAMILY
SERVICES, Plaintiff and Respondent, v.
VALERIE L., Defendant and Appellant;
CADDO NATION OF OKLAHOMA, Intervener and Respondent.

**COUNSEL**

Roni Keller, under appointment by the Court of Appeal, for Defendant and Appellant.

Dennis A. Marshall, County Counsel, and William G. Smith, Deputy County Counsel, for Plaintiff and Respondent.

No appearance for Intervener and Respondent.

## OPINION

**VARTABEDIAN, Acting P. J.**—After a Welfare and Institutions Code section 300 petition was filed, Jose and Anthony were found to be minors coming under the jurisdiction of the juvenile court.[1] The minors' maternal great-grandfather is a full-blooded member of the Caddo Nation of Oklahoma (Caddo Nation). Although minors and their mother are eligible for enrollment as members of the Caddo Nation, they have not enrolled as members. Valerie L. (mother) appeals from the juvenile court order terminating her parental rights, arguing that the juvenile court erred when it found the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) did not apply in this case, erred in not requiring the minors to be enrolled in the tribe, and erred in not requiring continuing ICWA notice to the tribe throughout the proceedings. We affirm.

### Facts and Proceedings

Because mother raises only issues related to ICWA, we briefly discuss the facts leading to the petition and termination of parental rights; we focus our attention on the facts surrounding the ICWA claims.

Valerie L. is the mother of Jose (born in 2000) and Anthony (born in 2004). Their father, Jose C., is not a party to this appeal. The children were detained after a section 300 petition alleging a failure to protect was found true. Both mother and father had substance abuse problems, the children were exposed to domestic violence in the home, the house was unclean, and the children were exposed to a chaotic lifestyle.

Mother informed the Fresno County Department of Children and Family Services (Department) that she has Indian ancestry in the "Caddo Delaware out of Oklahoma." Notice was given to the tribe and the Bureau of Indian Affairs.

The Caddo Nation sent a letter to the Department in October of 2005. The letter stated that Jose and Anthony are eligible for enrollment. Their mother, Valerie, and her parents are not enrolled with the Caddo Nation. The minors' great-grandfather was the last known family member to be enrolled in the Caddo Nation. The letter noted it is possible that mother and/or her parents are enrolled with the Delaware Nation of Western Oklahoma (Delaware Nation). The Caddo Nation suggested that if the children were not enrolled with the Delaware Nation, then the Caddo Nation would file a motion to

---

[1] All future code references are to the Welfare and Institutions Code unless otherwise noted.

intervene. The degree of Caddo blood for the minors is one-eighth, their great-grandfather's degree of Caddo blood was four-fourths.

The Delaware Nation was given notice. The Delaware Nation responded that the children were not enrolled members, nor were they eligible to enroll in the Delaware Nation. The Delaware Nation stated that the history of the parents was unknown to it.

The Bureau of Indian Affairs sent a letter stating that Valerie, Jose, and Anthony are not enrolled with the "Caddo Tribe of Oklahoma" or the "Delaware Nation of Oklahoma."

A disposition hearing was held on November 16, 2005. At the hearing the Department asked the court to find that the ICWA did not apply because neither the minors nor their mother was an enrolled member in a tribe. The social worker told the court that he had spoken to representatives from the Caddo Nation, and the representatives told him that if mother establishes enrollment or if the minors are enrolled then they intend to intervene, but they have chosen not to intervene at this point in time.

Counsel for mother remarked that mother represented she had given her enrollment number to the social worker, but in any case she would be submitting the matter with the assurance that the Caddo Nation can still intervene if mother gets her enrollment number at a later date. Mother then submitted the matter on the motion of the Department to find that ICWA was not applicable. The Department provided the name and telephone number of the contact person for the Caddo Nation to mother.

The court found that the minors are not members of an Indian tribe or biological children of a member of such a tribe and thus are not Indian children as defined in the ICWA.

After the November 16, 2005 hearing, notice was no longer provided to the Caddo Nation. The matter proceeded to a section 366.26 hearing where the parental rights of mother and father were terminated. Mother filed a timely notice of appeal.

Subsequent to the filing of the notice of appeal, counsel for mother filed a letter asking this court to send notice to the Caddo Nation giving it an opportunity to intervene. The Caddo Nation then filed a motion to intervene because the minors are eligible for enrollment with the Caddo Nation. The Caddo Nation asked for notification of all hearings by certified mail, access to all documents, leave to submit reports it prepared, and leave to make and present all motions necessary to protect its interest in the welfare of its children.

We issued an order on April 10, 2007, permitting the Caddo Nation to intervene in this appeal. The Caddo Nation was provided a copy of the record. We also permitted the Caddo Nation 20 days after the respondent's brief was filed with this court to file a brief in this court. The Caddo Nation failed to file a brief in this court.

## Discussion

In enacting the ICWA Congress declared "that it is the policy of this Nation to protect the best interests of Indian children and to promote the stability and security of Indian tribes and families by the establishment of minimum Federal standards for the removal of Indian children from their families and the placement of such children in foster or adoptive homes which will reflect the unique values of Indian culture, and by providing for assistance to Indian tribes in the operation of child and family service programs." (25 U.S.C. § 1902.)

For purposes of the ICWA an "Indian child" is defined as "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4).)

Mother contends the trial court erred in finding that the minors were not Indian children. She claims that a child may qualify as an Indian child even if neither of the child's parents is enrolled in a tribe. She also argues that enrollment is not the only means of establishing membership. Mother asserts that because the children are eligible for enrollment they are Indian children and it is the tribe alone, not the court, that had the power to decide whether the minors were Indian children.

The cases relied on by mother to support her position concern the issue of failing to give notice to an Indian tribe when a minor might be an Indian child. "The Indian status of the child need not be certain to invoke the notice requirement. [Citation.] Because the question of membership rests with each Indian tribe, when the juvenile court knows or has reason to believe the child may be an Indian child, notice must be given . . . ." (*In re Desiree F.* (2000) 83 Cal.App.4th 460, 471 [99 Cal.Rptr.2d 688].) One of the purposes of giving notice is to allow the tribe to determine whether the child is an Indian child. (*Dwayne P. v. Superior Court* (2002) 103 Cal.App.4th 247, 254–255 [126 Cal.Rptr.2d 639].) In this context, enrollment of the child or the parents in the tribe is not a prerequisite to giving notice. This is so because " '[s]ome tribes do not have written rolls. Others have rolls that list only persons that were members as of a certain date. Enrollment is the common evidentiary means of establishing Indian status, but it is not the only

means nor is it necessarily determinative.' " (*In re IEM* (1999) 233 Mich.App. 438, 445 [592 N.W.2d 751, 755].) The question here does not involve notice because the Caddo Nation was properly noticed and responded.

Although it is true the question of membership lies with each tribe, this does not aid mother's argument. The Caddo Nation stated that the minors and their mother were not enrolled in the tribe. The last known family member of the tribe was the minors' great-grandfather. From this it is clear that neither the mother nor the minors were members of the tribe and that this determination was made by the Caddo Nation.

■ We do not disagree with mother's argument that the question of eligibility is also determined by the tribe and the Caddo Nation found that these minors were eligible for membership. Eligibility is only one criterion necessary to be found to be an Indian child. While the minors here were eligible, they were not members and they were not the biological children of a member. Their membership or the membership of one of their biological parents is a requirement to be found to be an Indian child. (See *In re S.B.* (2005) 130 Cal.App.4th 1148, 1162 [30 Cal.Rptr.3d 726].)

The juvenile court properly determined that the minors were not Indian children as that term is defined in the ICWA.

Next, mother argues that the juvenile court erred in not requiring that the minors be enrolled in their tribe. Mother has not provided any authority for the proposition that a court must enroll eligible minors in a tribe or any authority for the proposition that a court has the authority to do so. The Caddo Nation had proper notice of the eligibility of these minors for enrollment and chose not to do so. The ICWA does not require more on the part of the court.[2] In addition, we note that the Caddo Nation was allowed to intervene in this appeal but chose not to file a brief or take any other action when given the opportunity to do so.

Finally, mother contends the court erred in not requiring continuing ICWA notice to the Caddo Nation throughout these proceedings. Her argument is based on the assumption that the court erred in ruling that the ICWA did not apply. Because, as previously discussed, the juvenile court did not err in finding these minors were not Indian children, mother's argument fails.

---

[2] The requirements of the ICWA are set forth in detail in the federal statutes and California has recently enacted statutes detailing how California should proceed in complying with the ICWA requirements. (See §§ 224–224.6.) If the Legislature wanted to set forth requirements for the trial court to enroll eligible minors, it could have done so; having failed to do so, we are not in a position to engraft such a requirement into the statutes. In any event, enacting such a requirement would need to be closely scrutinized to prevent interference in tribal determinations of membership.

## Disposition

The judgment is affirmed.

Gomes, J., and Dawson, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 12, 2007, S157807.